IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KURTIS KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY ALEX JOHNSON, in their individual capacity; DEPUTY NICK RICHARDS, in their individual capacity; and JOHN DOE, No. 1, in their individual capacity;<br><br>Defendants. | **8:25CV674**<br><br>**MEMORANDUM AND ORDER** |

This case comes before the Court on Defendants' motion to dismiss for failure to state a claim. Filing No. 3. For the reasons stated herein, the Court finds Plaintiff has stated claims for unlawful arrest, unlawful entry of home, and excessive force under 42 U.S.C. § 1983. The motion to dismiss is denied.

## I.    BACKGROUND

During the late evening of July 2, 2023, or early morning of July 3, 2023, Deputies Alex Johnson and Nick Richards of the Douglas County Sheriff's Office, hereinafter referred to collectively as "Defendants", were dispatched to a residential home after a 911 hang up call was made. Filing No. 1 at 5. The call contained no sound indicating a crime had occurred nor that anyone was in danger, and Defendants had no warrants upon arriving at the residence. *Id.* Plaintiff, Kurtis Kelly, was a lessee of the residence and an overnight guest[1] with another adult and three minors also present. *Id.* Defendants did not hear or see any disturbance occurring in the interior parts of the residence from the

---

[1] Kelly pleads both of these in his Complaint. However, any inconsistency does not change the Court's analysis and findings since both statuses are protected from unlawful entry by the Fourth Amendment.

front door. *Id.* at 6. After stating his unwillingness to let Defendants into the residence, Kelly began ascending the entryway staircase of the split-level home. *Id.* When Kelly asked for more information, Defendants broke the screen door handle, entered the residence, tased Kelly twice, and handcuffed Kelly before transporting him to the Douglas County Department of Corrections. *Id.*

Kelly asserts claims for civil rights violations under 42 U.S.C. § 1983 against Johnson and Richards for unlawful arrest, unlawful entry of home, and excessive force.[2] Filing No. 1 at 8–9. Defendants moved to dismiss Kelly's complaint for failure to state a claim upon which relief can be granted. Filing No. 3.

## II.   ANALYSIS

### A. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

---

[2] Kelly also asserts a claim of excessive force against a John Doe defendant. Filing No. 1 at 9. Doe has not yet been identified or served, and that claim is not at issue in the present motion.

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A civil right is deprived under 42 U.S.C. § 1983 when a person who, "under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a § 1983 claim, the plaintiff must (1) allege a violation of a constitutional right, and (2) show that an individual acting under the color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### B. Unlawful Arrest

Kelly alleges Defendants unlawfully arrested him in violation of the Fourth Amendment, because Defendants possessed no probable cause. Filing No. 1 at 8. Defendants allege they had arguable probable cause and that the claim is insufficient given its conclusory nature. Filing No. 4 at 2–4.

At this early stage in the litigation, Kelly's complaint must have factual allegations, which the Court presumes true, that meet the standard for an unlawful arrest under 42 U.S.C. § 1983. The Fourth Amendment, extended to the States by the Fourteenth Amendment, says: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Generally, "'Fourth Amendment seizures are "reasonable" only if based on probable cause' to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013) (quoting *Dunaway v. New York*, 442 U.S. 200, 213 (1979)). Those acting under the color of law cannot detain persons absent probable cause pursuant to the Fourth Amendment. *Manuel v. City of Joliet* 580 U.S. 357, 367 (2017). An officer can make a warrantless arrest when "the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010) (quoting *United States v. Torres-Lona*, 491 F.3d 750, 755 (8th Cir. 2007)).

Kelly alleges that his arrest was not supported by probable cause nor was it reasonable. Defendants had no warrant upon arriving at the residence, so probable cause was the only remaining avenue for a lawful arrest. As presented in the Complaint, there were no abnormal sounds made for the duration of the 911 call, and Defendants did not hear or see a dispute inside the residence upon arriving. Although Kelly's unwillingness to let Defendants inside the residence could support the presence of probable cause once additional evidence is adduced, Kelly's refusal alone did not provide

probable cause for Defendants to believe he had committed or was committing a crime. Kelly's unlawful arrest claim is facially plausible, and Defendant's motion to dismiss on this basis is denied.

### C. Unlawful Entry of Home

Kelly alleges Defendants unlawfully entered his home and violated his reasonable expectation of privacy. Filing No. 1 at 8. Defendants allege that exigent circumstances justified the warrantless entry of the home and that Kelly's claim is conclusory. Filing No. 4 at 4–6.

Again, the Court must determine whether Kelly's factual allegations meet the standard for an unlawful entry of home claim arising under 42 U.S.C. § 1983. The Fourth Amendment establishes the right for persons to be secure in their homes against unreasonable searches and seizures. U.S. Const. amend. IV. A person may claim this right if he or she has a legitimate expectation of privacy where the invasion occurs. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). Overnight guests in a home retain a legitimate expectation of privacy. *Minnesota v. Olson*, 495 U.S. 91, 98–100 (1990) (explaining overnight guests seek shelter and privacy and hosts generally respect the privacy of their guests). Warrants are required to search a person's home barring compelling exigent circumstances that would make the search reasonable. *Mincey v. Arizona*, 437 U.S. 385, 393–394 (1978).

Kelly had a legitimate expectation of privacy at the residence regardless of whether he was a lessee or an overnight guest. Officers had no warrant, and the lack of an apparent dispute from either the contents of the 911 call or what officers observed upon arrival at the home does not support an argument of exigent circumstances. Defendants'

5

argument that exigent circumstances existed require considering evidence and resolving competing factual assertions not proper at the pleading stage. Because Kelly had adequately pled he had a legitimate expectation of privacy at the residence in question and the deputies had no lawful authority to enter the home, Defendants' motion to dismiss on this basis must be denied.

### D. Excessive Force

Kelly alleges Defendants used excessive force against him by tasing him twice and tackling him. Filing No. 1 at 8–9. Defendants allege that officers can use objectively reasonable force, and Kelly fails to provide factual allegations as to the officers' reasonableness when using force. Filing No. 4 at 6–7.

Kelly's claim can stand if his factual allegations meet the standard for excessive force under 42 U.S.C. § 1983. "An excessive force claim 'is governed by the Fourth Amendment's prohibition against unreasonable seizures.'" *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (*quoting Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)). A use of force claim requires (1) a "seizure" within the meaning of the Fourth Amendment, and (2) objectively unreasonable force used by officers, analyzed by the facts and circumstances of the event and "judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Atkinson v. City of Mountain View.*, 709 F.3d 1201, 1209 (8th Cir. 2013) (explaining that "seizure" under Fourth Amendment involves willful physical force). Whether a seizure contains force requires balancing the Fourth Amendment intrusion and governmental interests. *Graham v. Connor*, 490 U.S. 386, 396

(1989). Reasonableness is decided on a case-by-case basis and involves an analysis of the facts, including whether the suspect resists arrests or evades arrest by retreating. *Id.*

Kelly was seized by Defendants when he was placed under arrest. As set forth above, reasonableness of force is a high fact-intensive inquiry. Kelly has adequately pled for this stage of the proceedings that the deputies acted unreasonably by tasing and tackling him after he merely retreated up the stairs and when they had no warrant or basis for his arrest. Kelly has plausibly asserted an excessive force claim, and Defendants' motion to dismiss on this basis is denied.

### E.  Qualified Immunity

Lastly, Defendants argue Kelly's complaint fails to state a claim upon which relief can be granted because they are entitled to qualified immunity. Filing No. 3 at 1.

"When an official properly and timely files a motion for dismissal or summary judgment asserting qualified immunity, the official is entitled to a ruling on the issue of qualified immunity." *Payne v. Britten*, 749 F.3d 697, 699 (8th Cir. 2014). Qualified immunity turns on "(1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate a constitutional or statutory deprivation; and (2) whether the right was clearly established at the time." *Poemoceah v. Morton Cnty.*, 117 F.4th 1049, 1054 (8th Cir. 2024) (quoting *Nieters v. Holtan*, 83 F.4 1099, 1105 (8th Cir. 2023)). Qualified immunity applies when an officer has at least arguable probable cause. *Hosea v. City of St. Paul*, 867 F.3d 949, 955 (8th Cir. 2017). Arguable probable occurs when an officer has a mistaken but objectively reasonable belief that the arrest has probable cause. *Id.* There may be arguable probable cause if an officer receives conflicting information that cannot be resolved efficiently. *Id.* at 956 (finding arguable probable cause based on a 911 hang up

call, an argument occurring inside a residence when officers arrived, and noncompliance with officers' orders).

Defendants' argument is that they cannot be said to have violated Kelly's well-established rights because, for the reasons set forth in their prior arguments, the facts do not support finding any Fourth Amendment violations. However, the Court has already dispelled the argument that Kelly's complaint fails to state a claim. Accordingly, Defendants' arguments in this regard also fail to provide a basis for finding they are entitled to qualified immunity. Their motion on this basis is denied without prejudice to reassertion at a later stage of the case.

## III.    CONCLUSION

Because Kelly's claims provide a sufficient factual basis to survive the pleading stage, and Defendants cannot effectively raise qualified immunity when Kelly's allegations are viewed as plausible, the Court denies Defendants' motion to dismiss.

THEREFORE, IT IS ORDERED:

1. Defendants' motion to dismiss, Filing No. 3, is denied.

Dated this 1st day of June 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge